UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DANTE HODGE,

                Plaintiff,                          **REPORT & RECOMMENDATION**
                                                                     20 CV 109 (EK)(LB)

   -against-

NYPD OFFICER SHAHID ASHRAF,

                Defendant.
-----------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

      Plaintiff Dante Hodge brings this *pro se* action alleging that defendant Shahid Ashraf violated his civil rights pursuant to 42 U.S.C. § 1983. For the following reasons, it is respectfully recommended under 28 U.S.C. § 636(b) that this case should be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

      On January 2, 2020, plaintiff commenced this civil rights action. ECF No. 1. On January 22, 2020, I granted plaintiff's application to proceed *in forma pauperis* and directed the United States Marshals Service to serve the summons and complaint on defendant Ashraf. ECF No. 4. On March 4, 2020, the Office of the Corporation Counsel (the "Office") requested a 60-day extension of time to respond to plaintiff's complaint on behalf of defendant. ECF No. 7. The Office reported that it was unable to seek plaintiff's consent to the request because correspondence sent to plaintiff was returned as undeliverable. Id.

      In light of defendant's counsel's report that mail sent to plaintiff was returned undelivered, the Court directed plaintiff to provide his current mailing address to the Court by April 10, 2020. ECF No. 9. The Court's Order warned plaintiff that if he failed to provide a current address by April 10, 2020, I would assume that he has abandoned this action and that I would recommend that this case should be dismissed. Id. On March 10, 2020, the Court's January 22, 2020 Order and

corresponding attachments were returned to the Court as undeliverable with the postal notation: "Return to Sender. Not Deliverable as Addressed. Unable to Forward." ECF No. 10. Plaintiff has failed to provide a current address and has not contacted the Court since commencing this action on January 2, 2020.

On May 19, 2020, the Office requested dismissal of this action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. ECF No. 11. For the following reasons, defendant's motion should be granted in part and denied in part; plaintiff's *pro se* action should be dismissed without prejudice.

## DISCUSSION

"If [a] plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," Rule 41 authorizes the district court to dismiss the action. Fed. R. Civ. P. 41(b); see also LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute[.]") (citation omitted). A district court considering a Rule 41(b) dismissal must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. LeSane, 239 F.3d at 209–10 (citation omitted). As "no one factor is dispositive," courts need only provide an explanation for the dismissal rather than consider each factor. Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001).

All plaintiffs, whether represented or proceeding *pro se*, are obligated to maintain a current address with the Court. See Peters v. Dept. of Corr. of N.Y.C., 306 F.R.D. 147, 150 (S.D.N.Y.

2015) (dismissing *pro se* plaintiff's civil rights action for failure to provide a current address). "[T]he demand that [a] plaintiff[] provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit." Edwards v. Stevens, No. 11 Civ. 7329 (PKC)(JLC), 2012 WL 3597663, at *2 (S.D.N.Y. Aug. 22, 2012) (internal quotation marks and citations omitted). Indeed, because litigation "cannot proceed without a current address for the plaintiff," courts have repeatedly held that a plaintiff's "failure to maintain such an address with the Court" is a sufficient ground to dismiss without prejudice. Pratt v. Behari, No. 11 Civ. 6167 (JGK), 2012 WL 1021660, at *1 (S.D.N.Y. Mar. 26, 2012) (involving a plaintiff released from custody) (citation omitted); see also Dong v. United States, No. 02 Civ. 7751 (SAS), 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) (dismissing *pro se* plaintiff's case for failure to provide a current address and discussing that "the very fact that [plaintiff] has been inaccessible for the last two months . . . strongly suggests that he is not diligently pursuing this claim.").

Here, plaintiff has not contacted the Court since filing this action on January 2, 2020. The Court's March 9, 2020 Order explicitly warned plaintiff that I would recommend that this case should be dismissed should plaintiff fail to provide his current address by April 10, 2020. ECF No. 9. As plaintiff has failed to provide a current address, there is no way for the Court to proceed in this matter. Plaintiff has apparently abandoned this action. Dismissing the case without prejudice pursuant to Rule 41 "adequately strikes the balance between the Court's need to 'manage efficiently a congested docket' and 'the plaintiff's right to due process.'" Chavis v. City of New York, No. 17-CV-9518 (PAE)(BCM), 2018 WL 6532865, at *4 (S.D.N.Y. Oct. 12, 2018), adopted by, 2018 WL 6528238 (S.D.N.Y. Dec. 11, 2018) (citing Jackson v. City of New York, 22 F.3d 71, 76 (2d Cir. 1994). I therefore recommend that plaintiff's action should be dismissed without prejudice pursuant to Rule 41. See Burney v. Harper, No. 14 Civ. 4865 (GBD)(JCF), 2016 WL 7017410, at *3–4 (S.D.N.Y. Nov. 30, 2016), adopted by, ECF No. 42 (S.D.N.Y. Dec. 21, 2016)

(dismissing *pro se* plaintiff's civil rights complaint for failure to provide his current address to the Court); Coleman v. Doe, No. 05-CV-5849 (JG), 2006 WL 2357846, at *1 (E.D.N.Y. Aug. 14, 2006) (same).

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION[1]

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: June 5, 2020
       Brooklyn, New York

---

[1] Although it is futile, the Clerk of Court is directed to send this Report to plaintiff's last known address.